SHANNON v. HORTON.

(Supreme Court, Appellate Division, Second Department. May 14, 1915.)

RELEASE ☞57—VALIDITY—MISTAKE—SUFFICIENCY OF EVIDENCE.

 In an action met by the defense of a release of liability, evidence *held* insufficient to warrant finding that such release was executed under mistake, justifying avoidance.

 [Ed. Note.—For other cases, see Release, Cent. Dig. §§ 106–108; Dec. Dig. ☞57.]

Appeal from Trial Term, Orange County.

Action by William H. Shannon against Eugene Horton. From a judgment for plaintiff, and from the denial of a new trial, defendant appeals. Reversed, and new trial granted.

See, also, 152 N. Y. Supp. 1142.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

John Bright, of Middletown, for appellant.
Graham Witschief, of Newburgh, for respondent.

THOMAS, J.   The evidence shows that during the year preceding the execution of the release the plaintiff had full knowledge of the agency existing between the defendant and Stever.   He has been permitted to avoid the release upon his untrue statement that he had not such knowledge, and upon evidence that the subject of the present action was not involved in the former account rendered to the defendant, and was not discussed or asserted at or before the time the release was made.   The letter of June 22, 1911, indicates not only the realization of the relation of Horton and Stever, but also that it had been a matter of consideration on the part of the plaintiff.   So failure of the defendant to discuss the matter or failure to advise the plaintiff could not have induced the plaintiff to sign the release.   What, then, has the plaintiff proved tending to show mutual mistake and justifying an avoidance of the release?   I discover nothing, even within the rules laid down in Kirchner v. N. H. S. M. Co., 135 N. Y. 182, 31 N. E. 1104, which plaintiff invokes.

The judgment and order should be reversed, and a new trial granted; costs to abide the event.   All concur.